UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANIS MATHEWS,

          Plaintiff,

   v.

AMPCO SYSTEM PARKING d/b/a
AMPCO SYSTEM PARKING, INC.,

          Defendant.

CASE NO. C05-1176JLR

ORDER

## I. INTRODUCTION & ANALYSIS

This matter comes before the court on a motion from Ampco System Parking, Inc. ("Ampco") for a protective order governing discovery in this employment discrimination action (Dkt. # 10). The parties have made substantial progress toward agreeing upon a protective order. Only a few issues remain in dispute.

For purposes of resolving the remaining disputes, the court will cite the version of the proposed protective order contained as an attachment to Plaintiff's counsel's December 6, 2005 e-mail to Defendant's counsel. Preece Decl. Ex. C. This document, which the court will refer to as the "Protective Order," has the advantage of simultaneously displaying the parties' agreed and disputed language.

ORDER – 1

**A.    What is "Confidential Information"?**

The parties have agreed to allow each other to designate some documents that they produce during discovery as "confidential." The party receiving the "confidential" document may then disclose the document only to authorized persons. The parties' dispute is over which documents qualify for a "confidential" designation.

As a practical matter, regardless of the definition of "confidential," a party may designate any document it wishes as "confidential." If the other party feels that the designation is inappropriate, it may move the court for relief. Protective Order ¶ 12 (largely undisputed "Objection to Designation" clause). Thus, whatever definition the parties agree upon, the court is the ultimate arbiter of confidentiality under the order.

The court adopts a definition of "confidential" that incorporates the parties' agreed upon definition and uses the Federal Rules of Civil Procedure to supplement that definition. The parties have agreed that the following categories of documents are confidential: "personnel files of employees," "revenue information regarding customers," "business organizational plans," "Hotline call documentation," "discrimination or harassment investigation records," the "Workplace Investigation Manual," the "Supervisors Workbook," "employee compensation information," and "anonymous emails from and to an individual who for purposes of this protective order shall be referred to as 'anonymous no. 1'." Protective Order ¶ 1. All other categories of confidential information and a more general definition of "confidential" are disputed. The court, however, is in a poor position to resolve those disputes. The parties have a much better grasp on the type of information they wish to protect. Where they agree on categories of confidential information, the court is willing to enforce their agreement. Where they disagree, the court turns to the provisions of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(c). The court will therefore enter a protective order under

ORDER – 2

which the definition of "confidential" is documents falling within the undisputed categories named above, in addition to any document that would be considered confidential under Fed. R. Civ. P. 26(c).

**B.      Are Certain Documents Confidential?**

Ampco asserts that three specific documents are confidential: the Ampco System Parking Employee Handbook, the Ampco System Parking Employee Rules and Regulations, and the Ampco Code of Business Conduct. To support their assertion, Ampco offers the declaration of Robert Honey, a human resources manager in its Northwest Region. Although Mr. Honey assures the court that the documents are "proprietary" or "highly proprietary," he does not explain why. Honey Decl. ¶ 7. Employee manuals and rules and regulations, which are presumptively distributed widely within the Ampco workforce, are not the sort of document that one would expect to contain confidential information. Mr. Honey does not attach copies of the documents for the court's review. For the present, Ampco has failed to establish that the documents are confidential.

Ampco also asserts that "employee compensation policies" are confidential. The court has no way of judging whether this broad category of documents is confidential or not. Once the parties have entered a protective order, Ampco must decide whether to designate such documents as confidential under the definition of "confidential" the court established above. Plaintiff must then decide whether or not to challenge the designation.

**C.      Does the Protective Order Apply to Documents Not Produced in Discovery?**

Ampco seeks a ruling that the protective order should apply to Ampco documents that Plaintiff obtained outside of the discovery process. The court has not seen these documents. Ampco suggests that these documents are subject to a pre-existing

ORDER – 3

confidentiality agreement between it and Plaintiff. The court has no means of evaluating this claim without viewing the documents and the confidentiality agreement.

Absent a stipulation between the parties, the protective order in this action will govern discovery and nothing more. Other laws or agreements may govern the use of documents and information obtained outside of discovery, but that issue is not yet before the court.

**D.    Does the Protective Order Apply Only to Documents or to Information As Well?**

Ampco insists that the protective order should protect confidential information whether it is contained in a document or not. Plaintiff seems to suggest that only documents should fall under the protective order. For the most part, the court is in no position to resolve this dispute. As a matter of logic and convenience, the parties should provide a means for protecting all confidential information produced during discovery. For example, the parties already agree that specific employee salary information should be confidential. Surely this information is no less confidential because it comes from the mouth of a deponent rather than from a document. Unfortunately, the parties have made no comprehensive provision for this situation.[1] The court declines to impose one on them.

The parties have agreed that some documents should be confidential. The court thus rules that the protective order in this action will contain provisions that prevent the parties from disclosing information that they learned from a document designated

---

[1] The parties have provided that if a deponent testifies about a confidential document, that portion of his or her testimony should be designated confidential. Protective Order ¶ 11 ("Depositions/Other Discovery"). It seems a relatively easy matter to modify this section to apply not only to confidential testimony that arises directly from a document, but to confidential testimony generally.

ORDER – 4

"confidential." Any other ruling would make the "confidential" designation on a document meaningless. If the parties wish to draft a more expansive protective order that applies to confidential testimony obtained during discovery, and other non-documentary confidential information, the court will consider it.

The above discussion should be sufficient to resolve the parties dispute over the cross-reference to Clause 4 of the Protective Order contained in Clause 5.

**E.  Can the Parties Use Confidential Documents for Purposes Beyond This Litigation?**

The Protective Order contains a clause that permits Ampco to use any confidential document that Plaintiff produces to defend itself in other litigation. Protective Order ¶ 5 (paragraph that begins "Nothing contained in this Protective Order . . ."). Plaintiff is willing to agree to this provision only if Ampco will grant her the reciprocal right to use Ampco confidential documents in other litigation.

The court will not impose a wholly one-sided provision in the protective order. If Ampco wishes blanket permission to use Plaintiff's confidential documents in other litigation, it must grant the same permission to Plaintiff.

## II. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion (Dkt. # 10) to the extent that it seeks a protective order. The parties shall submit a joint protective order that incorporates the court's rulings, along with any other provisions to which they agree. The court will enter that order as the protective order in this action.

Dated this 10th day of January, 2006.

James L. Robart
United States District Judge

ORDER – 5